Rtjfitcet, J.
 

 The Court is of opinion with the defendant— There w-as no special agreement but that between the defendant and Hath, as the agent of Rankin
 
 &
 
 McLean; and on that the plaintiff cannot recover, because he disaffirms it, and also because, by it the defendant was not to pay money for the horse, but to allow Rankin & McLean a credit on their bond. That contract being thus put out of the way, there is no contract to be implied between these parties from any thing that appears in the case, assuming the property of the horse to be in the plaintiff. If the defendant had converted the horse by a sale, and received the price, the owner might have assumpsit for money had and received. For convenience and the promotion of exact justice, it has, for a long time, been
 
 *328
 
 held that the
 
 tort
 
 may be waived, and an action sustained upon the implied promise to pay the owner the price received for his property. Bnt beyond that, the courts cannot proceed, without subverting the very foundations on which the distinctions between actions rest. The law cannot infer a promise to pay the value of property, as upon a sale and delivery to the defendant in the teeth of express proof that he denied the property to be in the plaintiff, and took it by force. It is argued, indeed, that from the possession and use of things belonging to anothei’j a promise may be implied to pay for them, the owner electing not to sue in tort, and to suppose a sale.— But, if that can be true in any case, it is certainly not, when it appears affirmatively, not only that the defendant did not contract with the plaintiff, but that he purchased from another person, and that he took the possession under the purchase, and claimed to use the thing as his own, by force of that express contract. There is no precedent in this State of sueh a use of the action of assumpsit, nor are we aware of any English adjudication to sustain it. There is a case in which the master was allowed to recover in this form of action for the services of his apprentice, against a person who had seduced him, and promised to give him wages. That case has been said to carry the doctrine to the utmost extreme, and it seems to us, that it did. But, possibly, it may be sustained upon the idea that, as his services belonged to the mastei’, the latter might treat the service of the apprentice, while in the employment of the seducer, as work and labor done by the master through his servant. So, in
 
 Hill
 
 v. Perrott, 3 Taunt. 274, the defendant fraudulently took an insolvent person to the plaintiff, and by false representations induced the plaintiff to sell goods to the insolvent, and the goods went immediately into the possessioii of the defendant, and it was held that assumpsit would lie. But that can only be supported on the idea that, by reason of the gross fraud, the Court took the contract to have been with the defendant in reality. But from those cases, thus turning on peculiar circumstances, no general principle is to be deduced, that the distinction between ac
 
 *329
 
 tions is abrogated so far as personal property is concerned, and that those founded on tort and contract, are concurrent remedies. A contract between parties cannot he implied in opposition to direct evidence that the defendant did not get the property from the plaintiff, and does not hold it under him, hut upon a claim of right in himself, derived from another person. Presumptions must yield to positive proof to the contrary.
 

 A case in Tennessee, that of
 
 Alsbrook
 
 v. Hathaway, 4 Sneed’s Rep. 454, was cited for the plaintiff, and it must he admitted to be full and direct to the point. The facts are not stated in the report, but the doctrine is distinctly held by the majority of the Court, that every conversion of goods will support assumpsit, or debt, for the value, as well as trover.— To that doctrine, this Court cannot assent, and the dissenting opinion of Judge McEjotidy refutes it by a short, and unanswerable argument, as it seems to us.
 

 Pee Cueiam, Judgment reversed and a
 
 venire• de novo
 
 awarded.